UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

JAMES JOSEPH SCHEURICH, JR.         CIVIL ACTION

VERSUS         NUMBER 08-151-RET-DLD

AGRICO CHEMICAL CO., ET AL.

**MAGISTRATE JUDGE'S REPORT**

This matter is before the Court on a motion to remand filed by Agrico Chemical Co. (Agrico) (rec. doc. 4). Agrico seeks an order remanding the third-party demand, which was removed by Continental Insurance Co. (Continental) pursuant to 28 U.S.C. §§1441(a) and 1446. The motion to remand is opposed by Continental (rec. doc. 6).

**Background**

On April 5, 2007, James J. Scheurich, Jr. (Scheurich) brought suit in state court against several defendants for damages sustained as a result of exposure to asbestos allegedly caused by the defendants. This state court action is entitled, *James Joseph Scheurich, Jr. v. Agrico Chemical Co., et al.,* Case No. 554,036, Ad Hoc Section 22, 19th Judicial District Court, Parish of East Baton Rouge, State of Louisiana. In addition to Agrico, there were 27 other defendants named in the state court suit (rec. doc. 1-3). Based on a settlement between plaintiff and Agrico, on January 28, 2008, Agrico filed a third-party demand against Continental for insurance coverage for any and all amounts paid in settlement and compromise to plaintiff and for all costs and attorneys' fees.

On March 12, 2008, Continental removed the third-party demand to this court based on diversity jurisdiction.[1]  Removal was based pursuant to 28 U.S.C. §1441(a) only.  At the time Continental removed the third-party demand, the settlement between plaintiff, and Agrico had not been perfected and Agrico had not been dismissed from the state court suit.[2]  On April 11, 2008, Agrico filed a motion to remand and for attorneys' fees and costs pursuant to 28 U.S.C. §1447(c), which is now before the Court for review.  (rec. doc. 4).

**Argument of the Parties**

Agrico argues that, regardless of whether Continental removed the entire state court action or just the third-party demand, it has failed to establish removal jurisdiction; therefore, the action should be remanded to state court (rec. doc. 4-2).  Agrico argues that diversity of citizenship does not exist among the parties in the main demand; thus, removal of the entire action is inappropriate.  Agrico acknowledges that a third-party defendant, like Continental, may remove a third-party demand in two limited circumstances  - when the third-party demand has been *severed* or *dismissed* from the main demand.  However, Agrico argues that neither of these limited circumstances are present in this case.  Although plaintiff and Agrico have reached a settlement of the main demand, the settlement was not perfected prior to removal and the settlement does not involve the numerous other named defendants.  Agrico offered evidence that it has not been "foot dragging" in an attempt to stall the settlement and avoid a dismissal of the main demand.  Agrico also

---

[1] Continental alleges in its notice of removal that Agrico and Continental are diverse, and the amount in controversy exceeds $75,000 as the amount of the settlement was far in excess of $75,000 (rec. doc. 1-2, pp. 2-3).

[2] Continental represents in the notice of removal that it does not seek removal of the main demand brought by plaintiff against various defendants, including Agrico, which "has now settled and is awaiting the signing of settlement documents before Agrico is dismissed" (rec. doc. 1-2, p. 4).

argues that removal pursuant to 28 U.S.C. §1441(c) was not proper because federal question jurisdiction does not exist in this case. Finally, Agrico claims that Continental's motion for removal was improvidently sought; therefore, Agrico is entitled to its attorneys' fees and costs associated with its motion to remand.

Continental states that it removed *only* the third-party demand by Agrico, not the entire case brought by the plaintiff, as specifically set forth in its notice of removal (rec. docs. 1 and 6). Continental argues that as of the date the third-party demand was filed, all of the claims against Agrico had been settled and the parties were merely awaiting a formal dismissal of the claims against Agrico. Continental further alleges that the only reason the claims against Agrico have not been dismissed is because Agrico is delaying the dismissal in an effort to avoid removal. Additionally, Continental argues that subject matter jurisdiction exists over the third-party demand because it and Agrico are diverse and the settlement and attorneys' fees and costs exceed $75,000. Removal based on federal question jurisdiction under 28 U.S.C. §1441(c) is not at issue. Rather, Continental removed the third-party demand pursuant to 28 U.S.C. §1441(a) only. Finally, Continental opposes Agrico's request for attorneys' fees and costs.

**Discussion**

The removal statute, 28 U.S.C. §1441, is strictly construed and any doubt as to the propriety of removal should be resolved in favor of remand. *Gasch v. Hartford Acc. & Indem. Co.*, 491 F.3d 278 (5th Cir. 2007); *Shamrock Oil & Gas Corp. V. Sheets*, 313 U.S. 100, 108-109, 61 S.Ct. 868, 872, 85 L.Ed. 1214 (1941). Remand is proper if at any time the court lacks subject matter jurisdiction. See 28 U.S.C. §1447(c). Continental must first prove that, as a third-party defendant to this action, it is entitled to removal under 28 U.S.C.

§1441(a). Additionally, as the removing party, it also bears the burden of establishing that the parties to the third-party demand are diverse and that the amount in controversy exceeds $75,000. *Garcia v. Koch Oil Co. of Texas, Inc.*, 351 F.3d 636 (5th Cir. 2003), citing *Paul Reinsurance Co. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998).

Continental removed this action pursuant to Section 1441(a) only, which provides as follows:

> Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, *may be removed by the defendant or the defendants*, to the district court of the United States for the district and division embracing the place where such action is pending. For purposes of removal under this chapter, the citizenship of defendants sued under fictitious names shall be disregarded.

28 U.S.C. §1441(a) *emphasis added.*

Although the right to remove is generally extended only to defendants, the Fifth Circuit has recognized a limited exception in situations where the third-party demand has been severed from the main demand. See *Central of Georgia Ry. Co. v. Riegel Textile Corp.*, 426 F.2d 935 (5th Cir. 1970). This exception was extended by the court in *Johns, Pendleton & Assocs. v. Miranda, Warwick & Milazzo*, 2002 WL 31001838 (E.D. La. Sept. 4, 2002), to apply where there has been a settlement and resulting dismissal of the main claim.

As pointed out by Agrico, neither of these situations were present in the case at hand at the time of removal. Although Continental argues that removal is appropriate because the facts of the instant case are similar to those in *Johns, Pendleton & Assocs.*, supra, in that Agrico had settled the main demand at the time of removal, it acknowledges in its notice of removal that Agrico had not secured a dismissal prior to removal.

Continental states in its notice of removal that it "does not seek to remove the main demand brought by [plaintiff] against various defendants, including Agrico, which Agrico has now settled and is awaiting the signing of settlement document before Agrico is dismissed" (rec. doc. 1-2, p. 4).  Moreover, the settlement of the main demand was not completely finalized at the time of Continental's removal, as shown by the correspondence from plaintiff's counsel attached to Agrico's reply memorandum (rec. doc. 7-3).  Continental's notice of removal was premature in that at the time it was filed, the main demand against Agrico was neither severed nor dismissed.  Thus, the facts of this case do not warrant an application of the exception applied in *Central of Georgia Ry. Co. v. Riegel Textile Corp.* and *Johns, Pendleton & Assocs. v. Miranda, Warwick & Milazzo, supra.*

Agrico requests the payment of just costs and any actual expenses, including attorneys' fees, incurred as a result of the removal as allowed by 28 U.S.C. §1447(c).  Section 1447(c) provides that an order remanding a case "may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal."  The award is within the discretion of the district court and is to be guided by the standard that, "[a]bsent unusual circumstances, courts may award attorney's fees under §1447(c) only where the removing party lacked an objectively reasonably basis for seeking removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 126 S.Ct. 704, 163 L.Ed.2d 547 (2005).  "Conversely, when an objectively reasonable basis exists, fees should be denied." Id. at 711. Although the specific facts of this case do not warrant removal by third-party defendant, Continental, because the main demand was neither severed nor dismissed prior to removal, Continental did not lack an objectively reasonable basis for removing this matter considering Agrico's allegations in its third-party complaint that it had settled the

claims of plaintiff against Agrico (rec. doc. 6-4, p. 2).  Accordingly, Agrico's request for attorneys' fees and costs should be denied.

**IT IS THE RECOMMENDATION** of the Court that the motion to remand filed by Agrico Chemical Co. (rec. doc. 4).  should be **GRANTED** and request for attorneys' fees and costs should be **DENIED**.

Signed in Baton Rouge, Louisiana, on August 1, 2008.

_____
**MAGISTRATE JUDGE DOCIA L. DALBY**

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**JAMES JOSEPH SCHEURICH, JR.**          **CIVIL ACTION**

**VERSUS**                               **NUMBER 08-151-RET-DLD**

**AGRICO CHEMICAL CO., ET AL.**

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U.S. District Court.

In accordance with 28 U.S.C. §636(b)(1), you have ten days from date of receipt of this notice to file written objections to the proposed findings of fact and conclusions of law set forth in the Magistrate Judge's Report. A failure to object will constitute a waiver of your right to attack the factual findings on appeal.

**ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.**

Signed in Baton Rouge, Louisiana, on August 1, 2008.

_____

**MAGISTRATE JUDGE DOCIA L. DALBY**